UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN FRANKLIN MIKLUSICAK,

       Petitioner,

v.

Case No. 1:06-cv-850
Hon. Janet T. Neff

KENNETH MCKEE,

       Respondent.
                                /

**REPORT AND RECOMMENDATION**

       Petitioner, a former prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

       **I.**      **Background**

       On August 9, 2004, petitioner pled guilty to two counts of second degree criminal sexual conduct, M.C.L. § 750.520c(1)(a), as well as a to being a habitual offender, second felony offense, M.C.L. § 769.10. Plea Trans. 2-8 (docket no. 14); Judgment of Sentence (docket no. 16). The parties described the plea agreement as follows. The government was dismissing one count of first degree criminal sexual conduct and adding in its place a second count of second degree criminal sexual conduct. *Id.* at 2. Each of the two counts of second degree criminal sexual conduct carried a maximum sentence of 15 years. *Id.* at 3. The scoring range for these offenses would be in grid

---

[1] Michigan Department of Corrections' public records indicate that petitioner was paroled on September 22, 2009, and will be under supervision until September 22, 2011. *See* Offender Tracking Information System (OTIS), accessible at www.state.mi.us/mdoc.

C 2, "which would be a grid in the range 12 to 30 months."[2] *Id.* at 2. In addition, petitioner's plea included a second offense notice for a breaking and entering conviction in a different county. *Id.* at 2-3. As a second felony offender, petitioner would be subject to a maximum term of one and one-half times the primary offense, in this case 22 1/2 years. *Id.* at 3-4.

The court advised petitioner of the plea agreement as follows:

> THE COURT: The plea agreement as I understand it is that if you plead guilty to Counts II and III -- is it true, by the way, that you were previously convicted of attempted breaking and entering in the Allegan Circuit Court on August 14, 1994?
>
> THE DEFENDANT: Yes.
>
> THE COURT: The plea agreement as I understand it is if you plead guilty to Counts II and III as a second felony offender, the more serious charge in Count I would be dismissed. In addition to that, there is an agreement that the guidelines are scored at C2 which is a 12 to 30 month range. Is that your understanding of the complete plea agreement?
>
> THE DEFENDANT: Yes.

*Id.* at 6-7.

At the sentencing, petitioner's counsel argued for a one year jail sentence as allowed under grid C2:

> In addition to the comments that I gave the Court in chambers, we would simply be requesting that the Court impose a sentence of one year in jail which is within the guidelines and then supervise Mr. Miklusicak on probation, which would have a longer term, a more appropriate impact for society as a whole than sending him to prison.

Sent. Trans. at 3 (docket no. 15). The record reflects that the court chose not to exercise its discretion to place petitioner in the county jail. After characterizing petitioner's criminal activity

---

[2] Petitioner's discussion of "C 2" (and later discussion of "E 2") refers to grids as set forth in the Michigan *Sentencing Guidelines Manual*. In some transcripts, the grids have been transcribed as "C-2" and "E-2."

as "a serious offense," the court sentenced him to a term of 20 to 270 months. *Id.* at 4. The court noted that this sentence was within the guidelines range. *Id.* Petitioner filed a motion for resentencing or to withdraw his guilty plea, which the court denied on June 6, 2005. Motion Trans. at 8 (docket no. 17).[3]

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising three issues:

> I.  [Petitioner] is entitled to be resentenced where the Court sentenced him to a prison term under a scoring guidelines range of E2, rather than sentencing under the C2 range as provided for in the plea agreement, which would have allowed the Court the discretion of considering a jail term.
>
> II. [Petitioner] is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variable 10 on the basis of facts not proven to a jury beyond a reasonable doubt nor admitted by [petitioner] in his plea, in violation of the Sixth and Fourteenth Amendments.
>
> III. In the alternative, [petitioner] should be allowed to withdraw his guilty plea because his plea was not made freely and voluntarily, given the ineffective assistance of counsel in violation of the state and federal constitutional right to assistance of counsel.

Application for leave to appeal (docket no. 16).

The Michigan Court of Appeals denied the delayed application for leave to appeal "for lack of merit on the grounds presented." *People v. Benjamin Franklin Miklusicak*, No. 263706 (Mich. App. Aug. 29, 2005) (docket no. 16). Petitioner raised the same three issues in an application for leave to appeal this decision to the Michigan Supreme Court, which the latter court denied. *People v. Benjamin Franklin Miklusicak*, No. 129735 (Mich. Dec. 27, 2005) (docket no. 17).

Petitioner has now filed a habeas petition in this court raising two issues:

---

[3] The motion transcript is attached as an exhibit to petitioner's application for leave to appeal to the Michigan Supreme Court.

I. Petitioner is entitled to be resentenced where the court sentenced him to a prison term under a scoring guidelines range of E2, rather than sentencing under the C2 range as provided for in the plea agreement which would have allowed the court the discretion of considering a jail term.

II. Petitioner is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of offense variable 10 on the basis of facts not proven to a jury beyond a reasonable doubt nor admitted by petitioner in his plea, in violation of the Sixth and Fourteenth Amendments.

Petition and Memorandum (docket nos. 1 and 2).

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### III. Discussion

#### A. Sentencing guidelines issue

Petitioner's position regarding the guidelines issue was set forth by his counsel at the resentencing hearing:

> There are several aspects to our motion, Your Honor. The first is that the defendant put on the record a plea agreement which said that the scoring range would be C-2, which be a grid in the range of 12 to 30 months. You did end up sentencing him within that 12 to 30 months. You sentenced him to 20 months to 22 1/2 years. But it wasn't under C-2. It was under E-2. And in addition, it is our contention that 12 to 30 was the highest of the middle range, and there is I believe a scoring error in addition to that.

5

Motion Trans. at 2. According to petitioner's counsel (Mr. Crampton), a sentence under the C 2 grid would allow the court to sentence petitioner to jail, while under the E 2 grid "the Court had no discretion to give him a jail sentence rather than a prison sentence." *Id.* at 3. Contrary to petitioner's position, the court did not sentence him under the E 2 grid.

> THE COURT: I have him as a C-2 on my sentencing information report.
>
> MR. CRAMPTON: There was a supplemental that was filed, Your Honor, that put him in the E-2.
>
> THE COURT: On the sentencing information report?
>
> MR. CRAMPTON: Right. There was an updated sentencing information report.
>
> THE COURT: That was filed by the probation department, but I did not accept it.
>
> MR. CRAMPTON: Oh, you disregarded that then?
>
> THE COURT: I signed the one that's in the file.
>
> MR. CRAMPTON: Okay.
>
> THE COURT: And that's the one that is official. And the one that I officially signed and included in the file shows that it is a C-2.
>
> MR. CRAMPTON: C-2. Okay . . .

Motion Trans. at 3.

Petitioner contends that the court's action somehow violated the plea agreement. However, as demonstrated by the transcripts of the plea hearing, the sentencing and the motion hearing, the trial court clearly sentenced petitioner under the C 2 grid. Petitioner has provided no evidence to the contrary. There is no factual basis to support petitioner's claim that the court failed to sentence him under the C 2 grid. For this reason alone, petitioner's claim fails.

6

Furthermore, petitioner's contention that the trial judge abused his discretion in sentencing him to a minimum term of 20 months in prison rather than to one year of jail fails to state a federal constitutional issue. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The state's computation of petitioner's prison term involved a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 68); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is issue of state law not cognizable in federal habeas review); *Braun v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"). *See generally, Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice") (internal citation omitted). Accordingly, petitioner is not entitled to federal habeas relief on this state law claim.

  **B.**  **Petitioner's *Blakely v. Washington* claim**

Petitioner also contends that his sentence violates the rule set forth in *Blakely v. Washington*, 542 U.S. 296. *Blakely* involved the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that

7

increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Relying on *Blakely*, petitioner claims that the sentencing guidelines range was enhanced by the scoring of offense variables on the basis of facts not proven to a jury beyond a reasonable doubt. Specifically, petitioner contends that he was scored at offense variable 10, which referred to the victim as being exploited and vulnerable. Petitioner's Memo at 18. In this regard, while petitioner admitted that the victim was under 13 years of age, he asserts that knowledge of her age "was not sufficient enough to conclude the exploitation of her vulnerability [sic]" under state's the sentencing guidelines. *Id.*

*Blakely*, however, is inapplicable in this case. Petitioner's sentence of 20 months to 22 1/2 years was within the maximum possible sentence (i.e., 22 1/2 years) as imposed by Michigan's habitual offender statute. *See* M.C.L. §§ 750.520c(1)(a); 769.10. Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan*, 475 Mich. 140, 160, 715 N.W.2d 778 (2006) (*citing* M.C.L. § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (*citing* M.C.L. § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan*, 475 Mich. at 160. Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate

8

sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not violate *Blakely*. *See Blakely*, 542 U.S. at 304-05, 308-09; *Tironi v. Birkett*, 252 Fed.Appx. 724, 725 (6th Cir. 2007) (*Blakely* does not apply to Michigan's indeterminate sentencing scheme); *Brown v. Jones,* 5:05-cv-166, 2009 WL 559869 at *15 (W.D. Mich. March 4, 2009); *Lipsey v. Bell*, 1:08-cv-60, 2008 WL 1836953 at *4 (W.D. Mich. April 22, 2008) (listing cases).

### IV.     Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: November 3, 2009                    /s/ Hugh W. Brenneman, Jr.
                                           HUGH W. BRENNEMAN, JR.
                                           United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).